UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NOEMY SANCHEZ, YENIFER MARTINEZ and
MARIA SANCHEZ on behalf of themselves and all other
persons similarly situated,

                    Plaintiffs,

                **COMPLAINT**

   -against-

AIRCRAFT FINISHING CORP., JERRY B. YOUNG,
and "JOHN" SERIGANO,

                    Defendants.
------------------------------------------------------------------------X

Plaintiffs, NOEMY SANCHEZ, YENIFER MARTINEZ and MARIA SANCHEZ ("Plaintiffs") by and through their attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, AIRCRAFT FINISHING CORP., JERRY B. YOUNG, and "JOHN" SERIGANO, allege as follows:

## NATURE OF THE ACTION

1.    Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA") on behalf of themselves and all similarly situated current and former employees of Defendant, AIRCRAFT FINISHING CORP., and its principal shareholder, who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiffs seek to recover damages for violations of the FLSA and the New York Labor Law.

2.    Plaintiffs also bring this action to recover damages for sexual harassment and unlawful retaliation by their supervisor, Defendant, JERRY B. YOUNG, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. (hereinafter "Title VII") and the New York State Human Rights Law, N.Y. Executive Law §290 et seq. (hereinafter ("NYSHRL").

1

3. Plaintiffs seek injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, reasonable attorney's fees and other appropriate relief.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. In addition, the Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b).

6. This action properly lies in the United States District Court for the Eastern District of New York pursuant to 42 U.S.C. 2000e-5(f)(3) because the unlawful discriminatory conduct occurred within the County of Suffolk in the State of New York.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

8. Defendant, AIRCRAFT FINISHING CORP., does business in the State of New York within the Eastern District of New York and maintains a place of business at 612 Rutgers Road, West Babylon, New York 11704

9. Prior to commencing this action, Plaintiff, NOEMY SANCHEZ, timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") under charge number 520-2021-02667.

10. Prior to commencing this action, Plaintiff, YENIFER MARTINEZ, timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") under charge number 520-2021-02666.

11. Prior to commencing this action, Plaintiff, MARIA SANCHEZ, timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") under charge number 520-2021-02668.

12. Plaintiffs will amend this Complaint upon receipt of the Notice of Right to Sue issued by the EEOC.

## PARTIES

13. Plaintiff, NOEMY SANCHEZ, is a female and was an "employee" within the meaning of the FLSA, Title VII, and the NYLL and a "person" within the meaning of NYSHRL.

14. Plaintiff, YENIFER MARTINEZ, is a female and was an "employee" within the meaning of the FLSA, Title VII, and the NYLL and a "person" within the meaning of NYSHRL.

15. Plaintiff, MARIA SANCHEZ, is a female and was an "employee" within the meaning of the FLSA, Title VII, and the NYLL and a "person" within the meaning of NYSHRL.

16. At all times relevant, Defendant, AIRCRAFT FINISHING CORP., is a domestic business corporation.

17. At all times relevant, Defendant, AIRCRAFT FINISHING CORP., was and still is an "employer" within the meaning of the FLSA, Title VII, the NYLL and the NYSHRL.

18. At all times relevant, Defendant, AIRCRAFT FINISHING CORP., had fifteen or more employees.

19. At all relevant times, Defendant, AIRCRAFT FINISHING CORP., had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in painting and finishing metals used in aircrafts and used tools, equipment, paints, solvents, waxes, cleaning supplies and other materials, many of which originated in other states.

20. At all relevant times, Defendant, "JOHN" SERIGANO ("SERIGANO") is and was a shareholder and/or Officer of Defendant AIRCRAFT FINISHING CORP., had authority to make

payroll and personnel decisions for AIRCRAFT FINISHING CORP., and was active in the day-to-day management of AIRCRAFT FINISHING CORP., including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs. As a result of his position as an owner and/or officer of AIRCRAFT FINISHING CORP., Defendant SERIGANO is liable to Plaintiffs as an "employer" for the unpaid wages Plaintiffs seek to recover.

## FACTUAL ALLEGATIONS

### Wage and Hour Violations

21. Defendant, AIRCRAFT FINISHING CORP., is engaged in the painting of metal products for aircrafts.

22. Plaintiff, NOEMY SANCHEZ, was employed by Defendant as an hourly-paid worker from in or about June 2020 until on or about March 3, 2021. Plaintiff's duties included masking and taping metal parts in preparation for painting.

23. During her employment with Defendant, Plaintiff, NOEMY SANCHEZ, regularly worked more than 40 hours per week. Plaintiff regularly worked Monday to Friday from 7:00 a.m. to 4:30 p.m. or later and Saturday from 7:00 a.m. to 11:00 a.m. or later.

24. Defendant failed to pay Plaintiff, NOEMY SANCHEZ, overtime at the rate of one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week. Instead, Defendant paid Plaintiff at her regular hourly rate of $13.00 for all hours worked each workweek, including hours worked after 40 hours in a single workweek.

25. Plaintiff, YENIFER MARTINEZ, was employed by Defendant as an hourly-paid worker from in or about November 2019 until on or about March 3, 2021. Plaintiff's duties included masking and taping metal parts in preparation for painting.

26. During her employment with Defendant, Plaintiff, YENIFER MARTINEZ, regularly worked more than 40 hours per week. Plaintiff regularly worked Monday to Friday from 7:00 a.m. to 4:30 p.m. or later and Saturday from 7:00 a.m. to 11:00 a.m. or later.

27. Defendant failed to pay Plaintiff, YENIFER MARTINEZ, overtime at the rate of one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week. Instead, Defendant paid Plaintiff at her regular hourly rate of $13.00 for all hours worked each workweek, including hours worked after 40 hours in a single workweek.

28. Plaintiff, MARIA SANCHEZ, was employed by Defendant as an hourly-paid machine operator from in or about November 2019 until on or about March 3, 2021.

29. During her employment with Defendant, Plaintiff, MARIA SANCHEZ, regularly worked more than 40 hours per week. Plaintiff regularly worked Monday to Friday from 7:00 a.m. to 4:30 p.m. or later and Saturday from 7:00 a.m. to 11:00 a.m. or later.

30. Defendant failed to pay Plaintiff, MARIA SANCHEZ, overtime at the rate of one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week. Instead, Defendant paid Plaintiff at her regular hourly rate of $13.00 for all hours worked each workweek, including hours worked after 40 hours in a single workweek.

31. Upon information and belief, Defendant failed to pay other similarly situated workers overtime at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

32. Defendant failed to provide Plaintiffs upon hire written notice of their rate of pay and other information required by Section 195(1) of the New York State Labor Law.

33. Defendant failed to provide Plaintiffs with accurate statements each pay period indicating the number of overtime hours worked, overtime rate of pay and other information required by Section 195(3) of the New York State Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

34. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

35. The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendant's current and former employees' interests as well as their own interest in bringing this action.

36. Plaintiffs seek to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of themselves and similarly situated employees who are currently or have been employed by Defendant as non-exempt hourly paid workers at any time during the three (3) years prior to the filing of their respective consent forms.

37. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).

### Discrimination and Retaliation Claims

38. During her employment with Defendant, Plaintiff, YENIFER MARTINEZ, was sexually harassed by her supervisor, Defendant, JERRY B. YOUNG ("YOUNG"), and forced to endure a severe and pervasive hostile work environment because of her sex, including inappropriate and unwelcome physical touching.

39. During Plaintiff's employment with Defendant, YOUNG requested sexual favors from Plaintiff, YENIFER MARTINEZ, in exchange for additional compensation.

40. Plaintiff, YENIFER MARTINEZ, repeatedly rejected YOUNG's advances. Each time that he was rebuffed by Plaintiff, YOUNG became angry and yelled at her.

41. Defendant, YOUNG repeatedly tried to touch the legs and backside of Plaintiff, YENIFER MARTINEZ.

42. Plaintiff, YENIFER MARTINEZ, resorted to wearing a sweater to work because Defendant, YOUNG, tried to touch her breasts and placed a pen in the cleavage of her blouse.

43. Defendant, YOUNG, said vile and disgusting things to Plaintiff, YENIFER MARTINEZ, including, but not limited to, "*I am going to leave you so wet you're not going to want your boyfriend.*"

44. Defendant, YOUNG, repeatedly related his requests for sexual favors to the terms and conditions of Plaintiff's employment. For example, YOUG said, "*If you have sex with me, I will treat you like a princess and buy you everything.*"

45. On February 14, 2021, Defendant, YOUNG, offered to give Plaintiff, YENIFER MARTINEZ, expensive gifts if she agreed to engage in sexual relations with him.

46. Plaintiff, YENIFER MARTINEZ, repeatedly rejected YOUNG's advances and told him that she found his conduct offensive.

47. During her employment with Defendant, Plaintiff, NOEMY SANCHEZ, was sexually harassed by her supervisor, Defendant, YOUNG, and forced to endure a severe and pervasive hostile work environment because of her sex, including inappropriate and unwelcome physical touching.

48. During her employment with Defendant, Plaintiff, NOEMY SANCHEZ, was groped by Defendant, YOUNG, on her hips and buttocks.

49. In or about September 2020, Defendant, YOUNG, touched Plaintiff, NOEMY SANCHEZ, while she was bending to pick something up from the floor and whispered in her ear: "*be careful, I can give you twins.*"

50. In or about February 2021, Defendant, YOUNG, approached Plaintiff, NOEMY SANCHEZ, from behind and pressed his groin into her buttocks.

51. On March 3, 2021, Defendant, YOUNG, told Plaintiff, YENIFER MARTINEZ, to leave work early because he wanted to have sex with her.

52. Plaintiff, MARIA SANCHEZ, observed Defendant, YOUNG, harassing Plaintiff, YENIFER MARTINEZ, and came to Plaintiff's defense.

53. Defendant, YOUNG, became extremely angry and immediately fired each of the three Plaintiffs on March 3, 2021 and thereby retaliated against Plaintiffs in violation of Title VII and the NYSHRL.

54. Plaintiffs were subject to discrimination and harassment on the basis of their sex and were retaliated against for opposing such discrimination and harassment.

55. As a proximate result of the discrimination and harassment described herein, Plaintiffs have suffered and continue to suffer substantial loss of past and future earnings and other employment benefits, severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

56. The conduct described herein was done in conscious disregard of Plaintiffs' rights.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

57. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

58. Defendant employed Plaintiffs and similarly situated employees for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiffs and similarly situated employees overtime compensation for time worked in excess of forty (40) hours per week in violation of the FLSA.

59. Defendant's violations of the FLSA as described in this Complaint have been willful. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

60. As a result of Defendant's unlawful acts, Plaintiffs and each Opt-In Plaintiff is entitled to recovery from Defendant unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## OVERTIME NEW YORK LABOR LAW

61. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

62. Defendant employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to pay them overtime compensation for time worked in excess of forty (40) hours per week in violation of the New York Labor Law.

63. Defendant's violations of the New York Labor Law as described in this Complaint have been willful.

64. Plaintiffs are entitled to recover from Defendant the amount of unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### WAGE NOTICE VIOLATION

65. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

66. Defendant failed to provide Plaintiffs with notice of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by New York Labor Law Section 195(1).

67. Due to Defendant's failure to provide Plaintiffs with the notice required by New York Labor Law §195(1), Defendant is liable to each Plaintiff for statutory damages of up to $5,000 pursuant to New York Labor Law Section 198.

### FOURTH CLAIM FOR RELIEF
### WAGE STATEMENT VIOLATION

68. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

69. Defendant failed to provide Plaintiffs with an accurate statement of their wages each pay period as required by Labor Law Section 195(3) of the Labor Law.

70. Due to Defendant's failure to provide Plaintiffs with the notice required by New York Labor Law §195(3), Defendant is liable to each Plaintiff for statutory damages of up to $5,000 pursuant to New York Labor Law Section 198.

### FIFTH CLAIM FOR RELIEF
### TITLE VII SEX DISCRIMINATION

71. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

72. Plaintiffs have been discriminated against on the basis of their sex.

73. Plaintiffs were subject to ongoing sexually offensive and humiliating conduct that altered the terms and conditions of their employment.

74. The harassment of Plaintiffs was so distracting that it interfered with Plaintiffs' ability to work.

75. The harassment of Plaintiffs made it more difficult for them to perform their jobs.

76. The harassment to which Plaintiffs were subjected was such that a reasonable employee would find the conditions of her employment altered for the worse.

77. As a proximate result of the discrimination and harassment described herein, Plaintiffs have suffered and continue to suffer substantial loss of past and future earnings and other employment benefits.

78. As a proximate result of the discrimination and harassment described herein, Plaintiffs have suffered and continue to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

79. The conduct described herein was done in conscious disregard of Plaintiffs' rights.

## SIXTH CLAIM FOR RELIEF
## TITLE VII RETALIATION

80. Plaintiffs reallege and incorporate by reference the preceding allegations as if fully set forth herein.

81. By the acts and practices described above, Defendants retaliated against Plaintiffs in violation of Title VII.

82. As a result of Defendant's retaliatory conduct, Plaintiffs have suffered loss of income and benefits, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

83. The conduct described herein was done in conscious disregard of Plaintiffs' rights.

## SEVENTH CLAIM FOR RELIEF
## NYSHRL DISCRIMINATION

84. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

85. Plaintiffs have been discriminated against on the basis of their sex and gender.

86. Plaintiffs were subject to ongoing sexually offensive and humiliating conduct that altered the terms and conditions of their employment.

87. The harassment of Plaintiffs was so distracting that it interfered with Plaintiffs' ability to work.

88. The harassment of Plaintiffs made it more difficult for them to perform their job.

89. The harassment to which Plaintiffs were subjected was such that a reasonable employee would find the conditions of her employment altered for the worse.

90. As a proximate result of the discrimination and harassment described herein, Plaintiffs have suffered and continue to suffer substantial loss of past and future earnings and other employment benefits.

91. As a proximate result of the discrimination and harassment described herein, Plaintiffs have suffered and continue to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

92. The conduct described herein was done in conscious disregard of Plaintiffs' rights.

## EIGHTH CLAIM FOR RELIEF
## NYSHRL RETALIATION

93. Plaintiffs reallege and incorporate by reference the preceding allegations as if fully set forth herein.

94. By the acts and practices described above, Defendants retaliated against Plaintiffs in violation of the NYSHRL.

95. As a result of Defendant's retaliatory conduct, Plaintiffs have suffered loss of income and benefits, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

96. The conduct described herein was done in conscious disregard of Plaintiffs' rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i.) Certification of a collective action pursuant to 29 U.S.C. § 216(b);

(ii.) An order authorizing the dissemination of notice of the pendency of this action;

(iii.) Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq.;

(iv.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(v.) Damages pursuant to NYLL § 198(1-a);

(vi.) Back pay and the value of employment related benefits;

(vii.) Pre-judgment and post-judgment interest as permitted by law;

(viii.) Compensatory damages for mental anguish and emotional distress;

(ix.) Punitive damages;

(x.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

(xi.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
April 27, 2021

                                              LAW OFFICE OF PETER A. ROMERO PLLC

                          By:    ***/s Peter A. Romero***

                                    Peter A. Romero, Esq.
                                    825 Veterans Highway-Ste. B
                                    Hauppauge, New York 11788
                                    Tel. (631) 257-5588
                                    promero@romerolawny.com

                                    *Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Aircraft Finishing Corp., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in Spanish.

_Yenifer Martinez_  
Yenifer Martinez

_03/25/21_  
Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Aircraft Finishing Corp., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in Spanish.

_____  
Noemy Sanchez

3-25-21  
Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Aircraft Finishing Corp., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in Spanish.

_____        ___3/25/21_____
Maria Sanchez                                             Date