UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
NOEMY SANCHEZ, *et al.,*

                            Plaintiffs,

              -against-

AIRCRAFT FINISHING CORP., *et al.,*

                         Defendants.
--------------------------------------------------------X

**ORDER**

21-CV-02309 (PKC) (JMW)

**A P P E A R A N C E S :**

Peter A. Romero, Esq.
**Law Offices of Peter A. Romero PLLC**
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
*Attorney for Plaintiffs*

Ira Levine
**Ira Levine, Esq.**
543 Broadway, 2nd Floor
Massapequa, New York 11758
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

       Before the Court is Plaintiffs' letter motion (DE 23) to compel responses to outstanding

discovery demands – interrogatories, requests for production and requests for admissions

("Discovery Requests") – and to do so directing responses without any objections.  In opposition,

Defendants assert *mea culpa*, urge the Court to permit late responses (and to allow objections to

be interposed), and conclude that a court order is not even necessary (DE 24). Call it

insouciance, discovery foot-dragging, or the result of demands on a lawyer's time, this motion

again raises the issue addressed by an abundance of case law across the country:  *whether the*

*timely failure to object to a discovery demand effectuates a waiver of objections.*

For the reasons set forth below, Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part.

## I.    BACKGROUND

Pursuant to the Scheduling Order adopted in this action, in consultation with counsel during the Status Conference that was held after an unfruitful mediation (DE 20), Defendants' responses to Plaintiffs' Discovery Requests were due by August 4, 2022.  (DE 22.)  Not only did Defendants cavalierly ignore the deadlines, but they never sought to move to extend them either.[1]  On August 16, Plaintiffs' counsel sent an email to Defendants' counsel advising of his attempts to reach him both at his office telephone number as well as his cell phone number, and apparently leaving detailed voicemails. (DE 23, Ex. 1.)  Later that day, the two spoke, and agreed that Defendants' counsel would provide responses no later than August 30. (DE 23, Ex. 2.) August 30th however, came and went.  Finally, on September 7, Defendants' Counsel emailed Plaintiffs' Counsel conceding that he had not prepared the responses but assured him that he expected to provide responses by the end of the next week. (DE 23, Ex. 3.)  Once again, at no time did Defendants seek an extension from the Court or request further courtesies from Plaintiffs.  Rather, in effect, Defendants' counsel, with a moderate degree of hubris, advised Plaintiffs when they could expect to receive the responses. (*Id.*)

Since Defendants did not serve their responses within the time period prescribed by either the Federal Rules or the Scheduling Order, or by agreement of counsel, Plaintiffs filed the instant Motion to Compel.  (DE 23.)  In opposition, Defendants do not deny the tardiness, but instead

---

[1] Furthermore, no such extension was granted by the Court. *See* Fed. R. Civ. P. 16(b) (4) ("A schedule may be modified only for good cause and with the judge's consent").

offers reasons for the delay:  clients' offices closed for a week with client on vacation, coupled with "unanticipated demands on [his] time of both a personal and professional nature." (DE 24.)

## II.    DISCUSSION

Court-imposed discovery deadlines are set to ensure the efficient progress of a lawsuit. Counsel, of course, are expected to comply with them. Sometimes lawyers take discovery deadlines and agreements with adversary counsel lightly.  They should not.  *See* N.Y. Rules of Prof. Conduct 3.4 ("Fairness to Opposing Party and Counsel"); *see also* N.Y. Standards of Civility § VIII ("A lawyer should adhere to all express promises and agreements with other counsel, whether oral or in writing, and to agreements implied by the circumstances or by local customs").  Missing deadlines and ignoring agreements undermines the efficient progress of an action. And the adage, "rules are made to be broken," does not apply here when it comes to discovery deadlines.  *See Volpe v. Ryder,* 19 CV 2236 (JMA)(JMW) (E.D.N.Y. July 1, 2022).[2] Such judicial nose-thumbing, without seeking prior extensions, will not be countenanced.[3]

Under Federal Rule 34, a party must serve its responses to discovery demands within thirty days after being served with the requests, unless a shorter or longer time period is stipulated to or ordered by the Court.  *See* Fed. R. Civ. P. 34(a)(2)(A). It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available.  The case law in this Circuit on this very issue is legion.  *See Chowdhury v. Hamza Express Food Corp.,* No. 14-CV-150 (JBW), 2014 WL 12834831, at *2 (E.D.N.Y. Sept. 25, 2014) ("By failing to timely assert their objections within

---

[2] DE 103.

[3] To be clear, as to court-set deadlines, it is not "easier to ask for forgiveness than it is to get permission" (as coined by Rear Admiral Grace Hopper).  Rather, a request to extend a deadline *before* it lapses is the appropriate and preferred route.  *See also* Fed. R. Civ. 6(b)(1)(A)-(B).

30 days of service of the discovery demands, defendants have waived those objections."); *Quartey v. Schiavone Construc. Co.,* 11 CV 2037(DLI), 2013 WL 458064, at *3 (DLI) (CLP) (E.D.N.Y. Feb. 6, 2013) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available") (citation omitted); *Labarbera v. Absolute Trucking, Inc.,* No. CV 08-4581(DRH)(AKT), 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available.") (citations omitted); *Erlich v. Vill. of Sea Cliff*, No. CV04-4025, 2007 WL 1593241, at *4 (E.D.N.Y. Jun. 1, 2007) (same); *Cohalan v. Genie Indus., Inc.,* 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (same) (citing *UBS Int'l Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.,* No. 09 Civ. 4286(LAK), 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010)); *Eldaghar v. City of N.Y. Dept. of Citywide Admin. Servs.,,* No. 02Civ.9151(KMW)(HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests. . . . Any other result would . . . completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." (internal quotation marks and citations omitted)); *see also Doe v. Mastoloni,* 307 F.R.D. 305, 308-09 (D. Conn. 2015); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 236 (W.D.N.Y. 1998). Such a waiver of objections even extends to waive attorney client privilege objections. *See Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99CV118, 2001 WL 34059032, at *1-2 (W.D. Mich. Feb. 13, 2001) (collecting cases).

Based upon consideration of the parties' submissions, Defendants are hereby directed to provide responses to the outstanding Discovery Requests on or before September 16, 2022.

However, considering the minimal time delay and the proffered excuses for not responding timely, the Court finds that Defendants have shown good cause for the failure to respond and accordingly, does not conclude that Defendants waived objections. *Compare Eldaghar*, 2003 WL 22455224, at *2 ("Given the absence of an [sic] valid explanation for defendant's failure to serve its objections in a timely manner . . . a finding of wavier is appropriate."), with *Adkison v.Marshall & Ziolkowski Enters. LLC*, No. CV 07-4739(JS)(WDW), 2008 WL 1924919, at *1 (E.D.N.Y. Apr. 29, 2008) (finding that defendants waived any objections to outstanding interrogatories by "show[ing] no cause at all for their failure to respond to the demands in a timely fashion").

### III.   CONCLUSION

Defendants are hereby ordered to provide full and complete responses to all of Plaintiffs' Discovery Requests no later than September 16, 2022. The responses shall include production of all documents in the possession, custody or control of Defendants, as well as full and complete responses to the interrogatories and responses to the Requests for Admissions.  In the event Defendants do not comply fully with this Order, the Court will consider an application to impose appropriate sanctions.

Dated:  Central Islip, New York
        September 9, 2022

**S O   O R D E R E D:**

/S/ *James M. Wicks*
United States Magistrate Judge